IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| WORLDWIDE LOGISTICS LIMITED d/b/a<br>WORLDWIDE LOGISTICS (USA) LTD.<br><br>   Plaintiff,<br><br> vs.<br><br>DNJ INTERMODAL SERVICES, LLC<br><br>Serve: W. Robert Alderson, Esq.<br>   Designated Agent for Service of Process<br>   2101 S.W. 21st Street<br>   Topeka, Kansas 66604<br><br>   Defendant. | Case No. _____ |

## COMPLAINT

COMES NOW Plaintiff Worldwide Logistics Limited d/b/a Worldwide Logistics (USA) Ltd., ("Worldwide") by and through its undersigned counsel, and for its Complaint against Defendant DNJ Intermodal Services, LLC ("DNJ") states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Worldwide is a limited liability company organized and existing under the laws of Hong Kong with its global headquarters at 80 Route 4 East, Suite 410, Paramus, New Jersey 07652.

2. Worldwide is a licensed non-vessel operating common carrier of property and in that capacity acts as a shipper by directly engaging for-hire motor carriers authorized by the Federal Motor Carrier Safety Administration or one of its predecessor agencies to transport property in interstate or foreign commerce between points in the United States.

1

3. DNJ is a limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business at 3150 Lenox Park Drive, Suite 312, Memphis, Tennessee 38115.

4. DNJ is a motor carrier authorized by the FMCSA or one of its predecessor agencies under MC # 712938 to transport property between points in the United States (except Alaska and Hawaii).

5. DNJ can be served with the summons and complaint through its Kansas resident agent for service of process, W. Robert Alderson, Esq., 2101 S.W. 21st Street, Topeka, Kansas 66604.

6. Worldwide's claims for damage or loss to goods shipped in interstate commerce are governed exclusively by 49 U.S.C. § 14706, also known as the Carmack Amendment.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1337(a) because the matter arises under an Act of Congress regulating commerce, i.e., 49 U.S.C. § 14706, and the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

8. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, i.e., 49 U.S.C. § 14706.

9. Venue is proper in this jurisdiction pursuant to 49 U.S.C. § 14706(d).

**GENERAL ALLEGATIONS**

10. On or around January 19, 2017, Worldwide contacted DNJ regarding transporting a shipping container from Edgerton, Kansas to Joplin, Missouri. *See* Copy of the Delivery Order attached hereto as Exhibit A.

11. The contents of the shipping container consisted of twenty-four (24) pallets of aluminum foil (the "Cargo). The shipping container identification number was MEDU3524792.

12. DNJ accepted the tender of the Cargo and agreed to transport the Cargo contained in shipping container number MEDU3524792 from Edgerton, Kansas to Joplin, Missouri.

13. DNJ picked the shipping container up at the rail yard in Edgerton, Kansas.

14. Upon information and belief, the shipping container was switched to a different chassis by DNJ without authorization from Worldwide.

15. The shipping container and Cargo were in good order and condition at the time of tender to DNJ in Edgerton, Kansas. *See* photograph of container and Cargo attached hereto as Exhibit B.

16. On January 19, 2017, the tractor, shipping container and chassis were involved in a one-vehicle rollover accident while approaching the on ramp to southbound US-69 Highway while traveling eastbound on College Avenue in Overland Park, Johnson County, Kansas. *See* copy of the police report attached hereto as Exhibit C.

17. The only vehicle involved in the rollover accident was the vehicle operated by the driver for DNJ. *See* Exhibit C.

18. As a result of the rollover accident the container and Cargo were damaged. *See* RSG inspection report dated February 7, 2017 and invoice for inspection services dated February 10, 2017 attached hereto as Exhibit D.

19. On March 9, 2017, Worldwide submitted a claim for cargo damage in the amount of $26,170.69 plus $2,248.61for customs and freight charges to DNJ. A true and correct copy of the claim is attached hereto as Exhibit E.

20. On April 10, 2017, IMC Companies, on behalf of DNJ, denied the cargo claim submitted by Worldwide. A true and correct copy of the declination letter is attached hereto as Exhibit F.

21. DNJ has failed and refused to reimburse Worldwide in the amount of $26,170.69 for the cargo damage, plus $2,248.61for the customs and freight charges, plus $397.50 for the cost of inspection of the damaged freight.

22. Worldwide has been damaged by DNJ's failure to deliver the Cargo in good order as contemplated by the Carmack Amendment. As such, DNJ is liable for all damages incurred by Worldwide as a result of DNJ's failure to deliver the Cargo in good order.

## **COUNT I—CARMACK AMENDMENT CAUSE OF ACTION**

23. Worldwide incorporates by reference paragraphs 1 through 22 of its Complaint as if fully set forth herein.

24. On or around January 19, 2017, Worldwide contacted DNJ regarding transporting a shipping container from Edgerton, Kansas to Joplin, Missouri. *See* Exhibit A.

25. DNJ accepted the tender of the Cargo and agreed to transport the Cargo contained in shipping container number MEDU3524792 from Edgerton, Kansas to Joplin, Missouri.

26. DNJ picked the shipping container up at the rail yard in Edgerton, Kansas.

27. The shipping container and Cargo were in good order and condition at the time of tender to DNJ in Edgerton, Kansas. *See* Exhibit B.

28. On January 19, 2017, the tractor, shipping container and chassis were involved in a one-vehicle rollover accident while approaching the on ramp to southbound US-69 Highway while traveling eastbound on College Avenue in Overland Park, Johnson County, Kansas. *See* Exhibit C.

29. As a result of the rollover accident the container and Cargo were damaged. *See* Exhibit D.

30. Worldwide has been damaged by DNJ's failure to deliver the Cargo in good order as contemplated by the Carmack Amendment

31. DNJ has failed and refused to reimburse Worldwide in the amount of $26,170.69 for the cargo damage, plus $2,248.61 for the customs and freight charges, plus $397.50 for the cost of inspection of the damaged freight.

32. Worldwide performed all conditions precedent to seek recovery of its damages from DNJ under 49 U.S.C. § 14706.

WHEREFORE, for the reasons set forth above, Worldwide requests that the Court enter judgment in its favor and against DNJ in the amount of $26,170.69, plus $2,248.61 for customs and freight charges, plus $397.50 for the cost of the inspection, in accordance with the Carmack Amendment, plus pre-and post judgment interest, and for any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Worldwide demands a trial by jury on all issues.

Respectfully Submitted,

DYSART TAYLOR COTTER MCMONIGLE & MONTEMORE, PC

By: /s/ David M. Buffo

Kenneth R. Hoffman     USDC KS # 78205
David M. Buffo         KS # 21399
4420 Madison Avenue
Kansas City, Missouri 64111-3407
Telephone:  (816) 931-2700
Facsimile:  (816) 931-7377
Email:      khoffman@dysarttaylor.com
Email:      dbuffo@dysarttaylor.com
ATTORNEYS FOR PLAINTIFF